UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERESA C.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendants.

Case No. C20-6196 TLF

ORDER REVERSING AND REDMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of plaintiff's application for Supplemental Security Income disability benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court REVERSES and REMANDS defendant's decision to deny benefits.

I.   ISSUES FOR REVEW

1. Did the ALJ err in evaluating the medical opinion evidence?
2. Did the ALJ properly assess Plaintiff's symptom testimony?
3. Did the ALJ err by not evaluating lay witness statements?
4. Did the ALJ err in determining plaintiff's Residual Functional Capacity ("RFC")?
5. Did the ALJ err in not reopening Plaintiff's prior application and denying her request to cross-examine non-examining medical consultants?

## II. BACKGROUND

Plaintiff filed applications for DIB and SSI in 2016, which were denied on February 21, 2017. Administrative Record ("AR") 42. Plaintiff filed new applications for DIB and SSI on November 9, 2018, alleging a disability onset date of December 1, 2015. *Id.* Plaintiff's applications were denied. *Id.* ALJ Malcolm Ross held a hearing on July 28, 2020. *Id.* at 102. On September 2, 2020, the ALJ issued a decision finding that Plaintiff was not disabled. AR 34-56. The Appeals Council denied Plaintiff's request for review on November 19, 2020. AR 16-18. Plaintiff seeks judicial review of the ALJ's September 2, 2020 decision. Dkt. 4.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV. DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of seizure disorder, post-traumatic stress disorder, major depressive disorder, generalized anxiety disorder, and attention deficit hyperactivity disorder. AR 45.

Based on the limitations stemming from Plaintiff's impairments, the ALJ found that Plaintiff could perform medium work. AR 48. Relying on vocational expert ("VE")

testimony, the ALJ found that Plaintiff could not perform her past work, but could perform other medium range jobs; therefore, the ALJ determined at step five of the sequential evaluation that Plaintiff was not disabled. AR 55-56.

        A.  <u>Whether the ALJ erred in evaluating the medical opinion evidence</u>

Plaintiff alleges that the ALJ erred in evaluating medical opinion evidence Dr. Terilee Wingate, MD, Dr. Elaine Giniewicz, Ph. D, and Dr. Alyssa Ruddell, Ph.D.

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

The Social Security Administration changed the regulations applicable to evaluation of medical opinions; hierarchy among medical opinions has been eliminated, but ALJs are required to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. *See* 20 C.F.R. § 416.920c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

Regardless whether a claim pre- or post-dates this change to the regulations, an ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and

whether it is consistent. *Brent S. v. Commissioner, Social Security Administration*, No. 6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021).

These are the two most important factors in the ALJ's evaluation of medical opinions or findings; therefore, "[t]he 'more relevant the objective medical evidence and supporting explanations presented' and the 'more consistent' with evidence from other sources, the more persuasive a medical opinion or prior finding." *Linda F. v. Saul*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (quoting 20 C.F.R. § 404.1520c(c)(1)-(2)).

1. Dr. Wingate

Terilee Wingate PhD examined plaintiff on February 15, 2017. AR 400. After conducting a mental status examination, Dr. Wingate diagnosed Plaintiff with chronic PTSD, and severe, recurrent Major Depressive Disorder. AR. 402. She found that while Plaintiff was able to understand, remember and learn simple and some complex tasks, Plaintiff had poor stress tolerance. AR 403. Dr. Wingate found that Plaintiff may be able to work with a supervisor and a few coworkers in a quieter setting. *Id.*

The ALJ found that Dr. Wingate's opinion was generally not persuasive. AR 52. First, the ALJ stated that Dr. Wingate's opinion was based in part on Plaintiff's self-reported history and symptoms. *Id.* Second, the ALJ stated that there were inconsistencies between the Plaintiff's statements to Dr. Wingate and other statements of record. *Id.* For example, in terms of substance use, the Plaintiff reported to Dr. Wingate that she had used methamphetamines in 2010 and she attended substance abuse treatment and had not used since. However, at other times, the Plaintiff reported that she last used drugs in November 2017. *Id.* As another example, the ALJ pointed out that Plaintiff told Dr. Wingate that she had seizures when she was stressed, but the

record indicated that Plaintiff's seizures were well controlled. AR 53. The record as a whole, according to the ALJ, indicated that plaintiff's mental symptoms improved significantly with mental health treatment during the period at issue, which is inconsistent with Dr. Wingate's opinion. *Id.*

As for the ALJ's first point, an ALJ may not reject a medical source opinion because it is based on the claimant's self-reports when the medical source analyzes those self-reports using objective measures. In *Buck v. Berryhill*, the court held that the ALJ erred when he discounted the examining physician's opinion on the basis that the "opinion was based in part on [the claimant's] self-report" because the examining doctor "also conducted a clinical interview and a mental status evaluation." 869 F.3d 1040, 1049 (9th Cir. 2017). The court held that the interview and mental status evaluation were "objective measures and cannot be discounted as a 'self-report.'" *Id.* In addition, the report of a psychiatrist or psychologist may appear to be subjective and based largely on the self-reports of a patient. Yet partial reliance on self-reported symptoms is to be expected as part of the practice of psychology or psychiatry. *Buck*, 869 F.3d at 1049.

Here, Dr. Wingate's findings such as, difficulty in sustaining attention to tasks without interruption due to anxiety, depressed mood, and fatigue, are consistent with Dr. Wingate's opinion. During Dr. Wingate's evaluation, she found that Plaintiff was "very agitated and anxious and she cried throughout the appointment." AR 402. Discounting Dr. Wingate's opinion on the ground that her opinion was solely based on Plaintiff's self-reports was not sufficiently supported.

The ALJ also discounted Dr. Wingate's opinion because there were

inconsistencies between the plaintiff's statements to Dr. Wingate and other statements of record. The ALJ states that the information Plaintiff gave to Dr. Wingate about her seizures was misleading given that evidence in the record indicated that her seizures were well controlled. AR 53. However, as Plaintiff correctly pointed out, even though Dr. Wingate noted that Plaintiff's history of seizures, Dr. Wingate did not base her ultimate opinion or recommendation on Plaintiff's seizures. Rather, Dr. Wingate based her opinion on Plaintiff's history of anxiety, depressed mood, and fatigue.

Further, the ALJ stated that Plaintiff's "demonstrated functioning and ability to perform ADLs independently are not consistent with the degree of mental impairment opined by Dr. Wingate."  An ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting. *See Morgan v. Comm'r Soc. Sec. Admin*., 169 F.3d 595, 600 (9th Cir.1999). However, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).

Here, the ALJ found that despite Plaintiff's mental health symptoms, she is able to prepare meals, do her chores, go shopping, use a computer and pay bills. AR 50. However, neither Dr. Wingate nor Plaintiff stated that Plaintiff was unable to conduct daily activities. Rather, Dr. Wingate opined from her evaluation that Plaintiff would be unable to go through a regular workday without *interruptions* due to her mental health

symptoms. In other words, Plaintiff's ability to perform daily activities does not necessarily indicate capacities that are transferable to a work setting.

The ALJ also found that the Plaintiff's testimony regarding her substance abuse history was inconsistent with other statements she made in the record, making Dr. Wingate's opinion less persuasive. Plaintiff attended substance abuse treatment in 2010 and informed Dr. Wingate that she had not used methamphetamines since. AR 52. The ALJ found noteworthy that at other times in the record, the Plaintiff stated that she had not used drugs since November 1, 2017. *Id.* Yet, between her appointment with Dr. Wingate in February 2017 and her sobriety date of November 1, 2017, Plaintiff possibly may have relapsed. The ALJ assumes that because Plaintiff's history of substance abuse was not specifically called out in Dr. Wingate's recommendation, Dr. Wingate did not consider it. *Id.* However, there is no evidence of Dr. Wingate failing to even realize the plaintiff had a history of substance abuse; the ALJ's assumption rests on speculation. Further, in the ALJ's own assessment of Plaintiff's impairments, he did not include Plaintiff's substance abuse history, either.

Finally, the ALJ found that Dr. Wingate's opinion is inconsistent with the record as a whole because Plaintiff's mental health has improved significantly with treatment. While the record shows that treatment did help Plaintiff's mental health, the record does not show that Plaintiff is able to sustain a regular work schedule. For example, the ALJ refers to Exhibit 5F as evidence that Plaintiff's mental symptoms improved significantly. AR 52. While Exhibit 5F demonstrates that some of Plaintiff's problems were in the "past," there were still many problems that remained "current," including anxiety, crowds, and depression. AR 423-28. The ALJ erred in finding that Dr. Wingate's opinion

was inconsistent with the record on this ground.

For the reasons explained herein, the Court finds that the ALJ failed to provide legally sufficient reasons, and did not have substantial evidence to support his assessment of the medical opinion; therefore, the ALJ must reevaluate the opinion of Dr. Wingate on remand.

2. Dr. Ruddell

Dr. Ruddell, Ph. D, a consultative examiner, met with and evaluated Plaintiff on November 14, 2017 and on October 2, 2018. AR 405. Dr. Ruddell opined that Plaintiff would have marked limitation in adapting to changes in routine work setting, completing a normal workday and workweek without psychological interruptions and in setting realistic goals and planning independently if she were to return to the workforce. AR 407. The ALJ found Dr. Ruddell's opinion not persuasive because the marked limitations Dr. Ruddell identified were inconsistent with the record. AR 53. The ALJ provided similar reasons for discounting Dr. Ruddell's opinion as he did for Dr. Wingate's opinion. For reasons discussed above, the ALJ erred in discounting Dr. Ruddell's opinion and failed to provide legally sufficient reasons to support his assessment of the medical opinion. Therefore, the ALJ must reevaluate the opinion of Dr. Ruddell on remand.

3. Dr. Giniewicz

Dr. Giniewicz, Ph. D, a consultative examiner, presented her medical opinion in a narrative report on July 10, 2019. AR 505-508. She diagnosed Plaintiff with general anxiety disorder, panic disorder, PTSD, and attention deficit hyperactivity disorder. AR 508. Dr. Giniewicz opined that Plaintiff's ability to complete a normal workday without

interruption as a result of her symptoms is "likely markedly impaired." *Id.* Further, Plaintiff's "ability to cope with the usual stress of the workplace is markedly impaired if it involves interaction with multiple people, multitasking, time pressure or persistent activity." *Id.*

The ALJ gave little weight to Dr. Giniewicz's opinion finding it "generally not persuasive." AR 53. The ALJ found that her opinion was largely based on Plaintiff's self-reports, and her opinion is non-specific and vague. AR 54. Further, the ALJ stated that Dr. Giniewicz's opinion was inconsistent with the record as a whole because the record reflected significant improvement in the Plaintiff's mental symptoms. AR 54.

As for the ALJ's first reason, Dr. Giniewicz based her opinion on more than Plaintiff's self-reports. Instead, Dr. Giniewicz performed a mental status exam and clinical interview. From these, she observed that Plaintiff had psychomotor agitation, cried on and off throughout her evaluation, her recent memory was impaired, deficits in her concentration and had limited insight and judgment. AR 505-508. The ALJ improperly discounted Dr. Ginewicz's opinion on this ground. *Buck v. Berryhill,* 869 F.3d 1040, 1049 (9th Cir. 2017).

Further, the ALJ found that Dr. Giniewicz's opinion was "vague," and therefore not persuasive. AR 54. Because the ALJ found the doctor's opinion vague, the ALJ should have but failed to develop the record by recontacting the doctor. "The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). "Ambiguous evidence, or the ALJ's own finding that the

record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Id*.

Finally, the ALJ found that Dr. Giniewicz's opinion was inconsistent with the record as a whole because the record showed that Plaintiff's mental health improved significantly with treatment. *Id.* As discussed above, although treatment has helped Plaintiff's mental health, the record does not support a conclusion that the improvement is so immense that it translates to returning to a work schedule.

Thus, the Court finds that the ALJ failed to provide legally sufficient reasons, and lacks substantial evidence to support his assessment of this medical opinion as well, and the ALJ must reevaluate the opinion of Dr. Giniewicz on remand.

B.  <u>Whether the ALJ erred in evaluating Plaintiff's testimony</u>

Plaintiff contends that the ALJ did not provide clear and convincing reasons for discounting her symptom testimony. Dkt. 15, pp. 13-17.

In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

In discounting Plaintiff's symptom testimony, the ALJ reasoned that her testimony was inconsistent with the record in the following: (1) Plaintiff report that she left her last job to move back to Washington is inconsistent with her SSA application, in which she reported that she stopped working because of her conditions; (2) Plaintiff symptoms improved with mental health treatment and sobriety; and (3) Plaintiff can sufficiently perform activities of daily living. AR 49.

As for the ALJ's first reason, Plaintiff's testimony regarding why she moved back to Washington was not inconsistent with the record. Plaintiff may have multiple reasons for moving back to Washington – i.e. wanting to be closer to family *and* due to health reasons. *Id.*

Second, the ALJ found that the objective medical evidence in the record contradicted Plaintiff's testimony and indicated that Plaintiff's mental health appeared to be improving since the alleged onset date with treatment. Inconsistency with objective evidence may satisfy the clear and convincing requirement. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

The ALJ also found that plaintiff's symptoms improved with treatment. AR 49. For instance, the Plaintiff reported that she used to "cry at the drop of a hat" but that this has changed. *Id.* Isolated examples of improvement cannot serve as a clear and convincing

ORDER REVERSING AND REDMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 11

reason for discounting Plaintiff's testimony. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (the Court "cannot affirm . . . 'simply by isolating a specific quantum of supporting evidence,' but 'must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (claimants who suffer from mental conditions may have symptoms that wax and wane, with downward cycles, cycles of improvement, and mixed results from treatment).

Therefore, on remand, the Commissioner is directed to reconsider Plaintiff's symptom testimony relating to her mental health conditions, whether and to what extent improvement has occurred with treatment, and take additional evidence if necessary.

    C.  <u>Whether the ALJ erred in evaluating statements from other sources</u>

Plaintiff contends that the ALJ erred by not properly evaluating statements from her mother, Maryanna McCabe and Tara Stevens. Dkt. 15, p. 13.

For cases filed after March 27, 2017, such as this one, an ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources such as educational personnel, public and private social welfare agency personnel, and other lay witnesses. 20 C.F.R. § 404.1502(e).

Ms. McCabe submitted a third-party function report in which she described her observations of Plaintiff's limitations. *See* AR 334. Therein, she stated that Plaintiff does "not do well at a work situation," "any stress can trigger seizure," "she shuts down," "has PTSD", and Plaintiff is "not able to deal with stress and employers do not want to deal with the seizure disorder." *Id.*

Plaintiff was also interviewed by Tara Stevens on November 9, 2018. AR 318. Ms. Stevens observed that Plaintiff was anxious about filling out the forms. *Id.* Ms. Stevens had to rephrase the questions so that Plaintiff understood what was being asked of her, Plaintiff had difficulty maintaining eye contact, and had a hard time relaxing. *Id.*

The ALJ did not err by neither articulating any reasoning, nor indicating whether the ALJ considered this evidence. 20 C.F.R. § 404.1502(e).

D.  <u>Whether the ALJ erred in assessing Plaintiff's RFC</u>

In assessing Plaintiff's RFC, Plaintiff claims that the ALJ did not mention or evaluate Plaintiff's panic disorder. Therefore, Plaintiff contends, the RFC is incomplete. Dkt. 15, p. 12.

Where the ALJ has found a severe medically determinable impairment at step two of the sequential analysis, "all medically determinable impairments must be considered in the remaining steps of the sequential analysis." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir.2007) (citing 42 U.S.C. § 423(d)(2)(B)). Here, the ALJ found that Plaintiff had severe mental impairments that included seizure disorder, post-traumatic stress disorder, major depressive disorder, generalized anxiety disorder, and attention deficit hyperactivity disorder. AR 45.

But Plaintiff was also diagnosed with Panic Disorder. AR 500-504. The ALJ excluded the panic disorder diagnosis in his RFC. Because the ALJ excluded panic disorder from Plaintiff's list of impairments RFC determination was incomplete, flawed, and not supported by substantial evidence in the record.

The Court has found the ALJ committed harmful error, necessitating the ALJ's reassessment of opinions from Drs. Wingate, Ruddell, and Giniewicz regarding Plaintiff's psychological limitations, as well as Plaintiff's testimony, on remand. Therefore, the ALJ shall reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine*, 574 F.3d at 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC, the ALJ is directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform given the RFC.

### E. Whether the ALJ committed procedural errors

Plaintiff states that the ALJ committed two procedural errors: (1) the ALJ should have opened her prior application in light of new evidence from Northwest Resources and (2) the ALJ should have allowed Plaintiff the opportunity to cross-examine the non-examining consultants. Dkt. 15, p. 17.

An ALJ's decision not to reopen a prior claim is a determination is "purely discretionary" and not a "final decision" under 42 U.S.C. § 405(g). *Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir. 1982). The exceptions to this rule—when the Commissioner considers the issue of a plaintiff's disability during the already-adjudicated period "on the merits" or when Plaintiff brings a constitutional challenge to the denial of a petition reopening—do not apply here. *See Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). Accordingly, Plaintiff does not identify a reversible error in the ALJ's failure to reopen the prior adjudication.

As for the Plaintiff's second procedural error argument, "A claimant in a disability hearing is not entitled to unlimited cross-examination, but is entitled to such cross-examination as may be required for a full and true disclosure of the facts." *Copeland v. Bowen*, 861 F.2d 536, 539 (9th Cir. 1988) (citing *Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir. 1983)). Because this matter is being remanded for further administrative proceedings, the Court need not decide whether cross-examination is required here. The parties may submit additional evidence, and the ALJ should then determine whether cross-examination is necessary for a "full and true disclosure of the facts." *See id.*

### F. Remand With Instructions for Further Proceedings

Plaintiff asks that this Court remand her case for an immediate award of benefits. Dkt. 15, p. 18. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited

ORDER REVERSING AND REDMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 15

evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d at 1045.

Here, outstanding issues require resolution before benefits may be awarded. "In any event, the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti*, 533 F.3d at 1042 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995)). Remand is required so that the ALJ may evaluate the medical opinions and any testimony from Plaintiff, and determine whether Plaintiff is disabled.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 8th day of November, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge